■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALBERT E. WILLIS, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered November 16, 1970, convicting him of criminally selling a dangerous drug in the second degree and criminal possession of a dangerous drug in the fourth degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial granted. The findings of fact below are affirmed. Defendant is the owner of a rooming house. Graniello, an undercover police officer, testified that on May 2, 1969 he accompanied one Tony Romanowski to the latter's room in defendant's rooming house and that some five minutes later defendant and one Cerro entered. When, in answer to Romanowski's inquiry, Graniello made known his wants, Cerro turned to defendant and the latter handed Cerro a white envelope which Cerro then gave to Graniello, who then gave $5 to Romanowski. Defendant and his witnesses contradicted this testimony in every detail. Both Romanowski and Cerro testified that Graniello had come to the room accompanied by a police informer named John. The latter's existence was conceded by the People, but his presence at the time of the sale was denied. Romanowski testified that he had given the marijuana to Graniello and that defendant had had nothing to do with it. Both Cerro and Romanowski testified that the marijuana was given to the officer because on April 28 Romanowski had sold Graniello a penicillin pill which he had represented to be a mescaline pill. When Graniello discovered the fraud he, on May 2, threatened Romanowski in the latter's room with a gun and the marijuana was given in compensation for the penicillin incident. Defendant entered subsequent to this occurrence for the purpose of collecting the tenant's weekly rent. Defendant testified he has never sold drugs, that he has an excellent background and that he went to Romanowski's room to collect the weekly rent. He was introduced to Graniello and a man named John who were present

when he arrived. In addition to Cerro and Romanowski, a nurse who had accompanied defendant to the house and a Mr. Philips corroborated defendant's testimony. Defendant's request that the prosecution produce the police informer and disclose his name and address was denied. There was a sharp conflict in the testimony. The jury deliberated some 12 hours before arriving at its verdict. It is claimed that the informer was a witness to the transaction and, as such, his testimony was both relevant and material on the issue of guilt and essential to a fair trial. In our opinion, under these circumstances, it was reversible error for the trial court to deny defendant's request for the People's production of the police informer (*Roviaro* v. *United States*, 353 U. S. 53, 60–61; 8 Wigmore, Evidence, § 2374; Ann., 76 ALR 2d 267). Further, it was error for the trial court to allow the People to attempt to impeach the testimony of the witness Cerro by endeavoring to elicit that he had pleaded guilty to being a youthful offender in connection with the May 2 transaction (*People* v. *Vidal*, 26 N Y 2d 249). Shapiro, Acting P. J., Gulotta and Christ, JJ., concur; Brennan and Benjamin, JJ., dissent and vote to affirm, with the following memorandum: We disagree with the majority's conclusion that defendant was deprived of a fair trial by the denial of his request for the identification and production of an alleged "informer" named John. On the facts in this case, John was not an "informer", but merely an eyewitness of the sale if, indeed, he was present at all. His only other connection with this case was the fact that he had previously introduced Graniello, the undercover police officer, to Romanowski, who was present at the time of the sale, was indicted with defendant and pleaded guilty. That previous introduction of Graniello to Romanowski in no way made John an "informer" with respect to this sale of narcotics; and the rules concerning the identification of "informers" are here wholly inapplicable. Moreover, the failure to identify John could not have deprived defendant of a fair trial, since Romanowski knew who he was, Romanowski testified for the defense, and John's identity must have (or certainly could have) been learned by simply asking Romanowski. *Roviaro* v. *United States* (353 U. S. 53) is clearly distinguishable and does not apply here. In *Roviaro* the "informer" was related to the crime and was the only witness who could contradict the People's proof; and for that reason the court held that it was unfair to conceal his identity from the defendant. Far different is the present case. Here, the alleged "informer" (who actually was not an "informer" with respect to this crime) was in no way related to this sale of narcotics; the police deny that he was present at the sale; the defense produced four eyewitnesses to the sale, in addition to defendant, who contradicted the testimony of the police officers; and the alleged "informer", if he was actually present at the sale, could merely have furnished added corroboration of the defense witnesses' testimony contradicting that given by the People's witnesses. On these facts, we see no denial of a fair trial because of the refusal to identify the alleged "informer" and we believe the public interest in concealing his identity is paramount. Finally, we see no error in the cross-examination of defense witness Cerro; and, if there was such error, we would not consider it materially prejudicial.